IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JERICA GOODWIN,                §<br>    PLAINTIFF,                §<br>                                §<br>V.                              §    CASE NO. 3:19-CV- 278-N-BK<br>                                §<br>ROBERT WILKE,                   §<br>SECRETARY, DEPARTMENT OF        §<br>VETERANS AFFAIRS, ET AL.,       §<br>    DEFENDANTS.                 § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the undersigned United States magistrate judge for pretrial management. As detailed here, this action should be **DISMISSED** due to Plaintiff's failure to timely serve Defendants with summonses and copies of her complaint.

**I. PROCEDURAL HISTORY**

On February 4, 2019, Plaintiff filed this employment discrimination action under Title VII of the Civil Rights Act of 1964, against her employer, the Dallas Veterans Affairs Medical Center and Ruth Ann Bechdol, a federal employee. Doc. 3 at 3-5. Plaintiff paid the filing fee and was thus responsible for serving summonses and copies of her complaint on Defendants within 90 days. FED. R. CIV. P. 4(c)(1)&(m); Doc. 3. Plaintiff was warned on April 9, 2019 that by May 6, 2019, she must complete service of process or show good cause for her failure to do so, or her case would be dismissed. Doc. 4. However, the Court's docket sheet reveals no activity by Plaintiff since that April 9, 2019 warning.

## II.  APPLICABLE LAW

The burden is on the plaintiff to ensure that the defendants are properly served with summons and a copy of the complaint.  FED. R. CIV. P. 4(c)(1).  Service of process must be made within 90 days of filing a complaint or the action is subject to dismissal without prejudice.  FED. R. CIV. P. 4(m).  "[W]hen the time to effect service has expired, the party attempting service has the burden of demonstrating 'good cause' for failure to serve the opposing party."  *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994) (citation omitted).

## III.  ANALYSIS

More than eight months after the Court's April 9, 2019 warning, Plaintiff has yet to serve Defendants.  She also has not attempted to show good cause for failing to properly effect service, even though nearly a year has passed since she filed her complaint.  *Kreimerman*, 22 F.3d at 645-46.  Consequently, the Court concludes that Plaintiff cannot or will not comply with the Court's order and Rule 4.  Because Plaintiff has had substantial time to properly serve Defendants and has failed to demonstrate good cause for not doing so, an additional extension of time is not warranted and dismissal of this case without prejudice is appropriate.  *See Pennie v. Obama*, 255 F. Supp. 3d 648, 656 (N.D. Tex. 2017) (dismissing case without prejudice against numerous defendants pursuant to Rule 4(m) due to plaintiffs' failure to properly effect service of process despite being granted extensions of time to do so).

## IV.  CONCLUSION

For the foregoing reasons, this case should be **DISMISSED WITHOUT PREJUDICE** due to Plaintiff's failure to timely and properly serve Defendants with summonses and copies of

her complaint as required by Rule 4(m).

    **SO RECOMMENDED** on January 17, 2020.

_/s/ Renee Harris Toliver_
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's findings, conclusions and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).